# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO.  09-14-00308-CR
_____

## DAVID CHARLES KIRKLAND, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 13-09-10315 CR**

## ORDER

The clerk's record in the above styled and numbered cause was filed October 1, 2014, and the reporter's record was filed October 30, 2014. On December 1, 2014, the Court granted an extension of time to file the brief. On January 9, 2015, the appellant's court-appointed attorney, Mark Phillips, was notified that neither the brief of the appellant nor a motion for extension of time to file the brief has been filed. Although the brief of the appellant was due to be filed Wednesday, December 31, 2014, the brief has not been filed. The Clerk of

1

the Court has contacted appellant's court appointed attorney on February 12, 2015, February 17, 2015 and February 20, 2015 but has received no response.

We abate the appeal and remand the case to the trial court to conduct a hearing at which a representative of the State, counsel for the appellant, and the appellant shall be present in person. *See* Tex. R. App. P. 38.8(b)(3). If the appellant is not incarcerated, but fails to appear at the hearing after having been notified to do so, or after reasonable attempts to notify him have been made, then the trial court may enter a finding that appellant no longer desires to pursue the appeal and send said finding to this Court. *See* Tex. R. App. P. 38.8(b)(4). If the appellant is present for the hearing, we direct the trial court to determine whether or not appellant desires to pursue his appeal. If appellant desires to pursue his appeal, we direct the trial court to determine why the brief of the appellant has not been filed, why appellant's counsel has not responded to late notices from this Court, and whether good cause exists for appointed counsel, Mark Phillips, to be relieved of his duties as appellate counsel and replaced by substitute counsel. *See* Tex. Code Crim. Proc. Ann. art. 26.04(j)(2) (West Supp. 2014). If the trial court determines that good cause exists to relieve appointed counsel of his duties, we direct the trial court to appoint substitute counsel.

The record of the hearing, including any orders and findings of the trial court judge, shall be sent to the appellate court for filing. The transcription of the court reporter's notes from the hearing and the recommendations of the trial court judge are to be filed on or before March 30, 2015.

ORDER ENTERED February 26, 2015.

PER CURIAM

Before McKeithen, C.J., Kreger, and Johnson, JJ.